UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NBA PROPERTIES, INC., | |
| Plaintiff, | No. 24 C 12548 |
| v. | Judge Thomas M. Durkin |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | |
| Defendants. | |

**ORDER**

Following an *ex parte* hearing on December 17, 2024, the Court denied without prejudice Plaintiff's motion for a temporary restraining order ("TRO"), asset restraint, and expedited discovery. At the hearing, the Court inquired about two issues: (1) proof that an allegedly infringing product was purchased in and shipped to Illinois; and (2) proof that the allegedly infringing product was being offered for sale within the last two months. Evidence of a purchase shipped to Illinois is required to establish personal jurisdiction. By contrast, evidence of an offer for sale within the last two months is necessary to demonstrate ongoing harm. Of course, proof of a purchase of an allegedly infringing product within the last two months would check both boxes.

Plaintiff now moves for reconsideration, arguing that the two-month limit does not afford sufficient time to investigate infringing conduct, make a test purchase, have the product delivered to Illinois, and prepare and file a motion for a TRO. This

1

argument misunderstands the Court's requirements. The Court does not require a purchase within two months of seeking a TRO. The purchase requirement is relevant to establishing *personal jurisdiction*, whereas the two-month time limit is not. Rather, the two-month time limit is a marker of *ongoing harm*. Plaintiff may demonstrate ongoing harm in a variety of ways, such as: (1) screenshots of the listings collected within the last two months; (2) screenshots older than two months that are accompanied by a declaration attesting that the listings reflected in the screenshots have been checked within the last two months and remain active; or (3) a purchase from Illinois within the last two months.

Plaintiff also contends that the two-month limit is unreasonable because sellers use tactics to evade enforcement once they receive notice of a plaintiff's test purchase, such as deleting or modifying infringing listings or shutting down stores and registering new stores under new aliases. Perhaps all this is true. Nevertheless, a TRO requires "specific facts" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b); *see also Hughes v. Moore*, No. 14-CV-1410-MJR, 2015 WL 122232, at *2 (S.D. Ill. Jan. 8, 2015) ("A TRO is an extraordinary remedy that will not be issued in the absence of specific allegations of immediate, irreparable, and ongoing harm." (citing *Bedrossian v. Northwestern Memorial Hosp.*, 409 F.3d 840, 842 (7th Cir. 2005))). If a listing has been inactive for more than two months when a plaintiff seeks a TRO, it begs the question of what immediate, irreparable, and ongoing harm would result in the absence of a TRO.

Plaintiff alternatively argues that even without ongoing sales of the allegedly infringing products, it will be irreparably harmed without an asset restraint because sellers are likely to hide or transfer their ill-gotten profits from prior sales beyond this jurisdiction. But sellers' financial accounts in online marketplaces often include the revenue from many different listings. The more time that passes between when a plaintiff observes an allegedly infringing listing and when a plaintiff seeks an asset restraint, the less likely it is that an account includes the revenue from that listing, as opposed to revenue from other non-infringing listings. Drawing the line at two months affords some basis to believe that the account to be frozen contains the profits gained from the allegedly infringing activity. *Cf. CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) (holding that asset freeze was appropriate "[s]ince the assets in question . . . were profits" of unlawful conduct).

Here, the Court requires some verification that an allegedly infringing listing is currently active or has been active within the past two months. If a Defendant's listing has not been active in the last two months, Plaintiff may, of course, still pursue a case against that Defendant. The Court will also consider a request for expedited third-party discovery. But the Court will not grant a TRO or asset restraint. For those reasons, Plaintiff's motion for reconsideration (R. 25) is denied.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: January 3, 2025

3